UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD NEWLIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-04394-SEB-TAB ) |
| WARDEN,[1] | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Donald Newlin for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 17-06-0001. For the reasons explained in this Entry, Mr. Newlin's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

### B. The Disciplinary Proceeding

On May 31, 2017, Correctional Officer Shaw wrote a Conduct Report charging Mr. Newlin with a violation of B-200 ("Habitual Conduct Rule Violator"). The Conduct Report states:

> On the above date and time, while processing conduct reports, I, J. Shaw became aware that offender Newlin, Donald 123539 is in violation of a code 200 Habitual Rule Violator. He has been found or plead guilty to five related or unrelated class C conduct offenses in a period of six months or less according to OIS. Offender has been advised of this conduct report.

Dkt. 1-1 at 1; dkt. 9-1 at 1-2.

A notation was made on one of the copies of the Conduct Report on June 1, 2017, stating that the "[b]ehavior is not related to mental health symptoms." Dkt. 9-1 at 2. Attached to the Conduct Report was a printout from the Offender Information System that listed the following offenses:

| S | HEARING DATE | OFFENSE CODE/DESCRIPTION | DISPOSITI |
|---|---|---|---|
| | 05 31 2017 | C 356 REFUSING A ASSIGNMENT | PRIVILEGE |
| | 05 23 2017 | C 356 REFUSING A ASSIGNMENT | PRIVILEGE |
| | 05 23 2017 | C 356 REFUSING A ASSIGNMENT | PRIVILEGE |
| | 05 23 2017 | C 356 REFUSING A ASSIGNMENT | PRIVILEGE |
| | 05 17 2017 | C 356 REFUSING A ASSIGNMENT | PRIVILEGE |
| | 04 03 2017 | C 356 REFUSING A ASSIGNMENT | WRITTEN R |
| | 03 16 2017 | C 347 REFUSING TO OBEY AN ORDER | PRIVILEGE |

Dkt. 1-1 at 2-3; dkt. 9-1 at 3-4.

Mr. Newlin was notified of the charge on June 1, 2017, when he received the Screening Report. As to the screening, there is a factual dispute. The respondent states that Mr. Newlin

refused part of the screening and did not document any evidence requests. Dkt. 9 at 2. The respondent further asserts that Mr. Newlin's refusal was witnessed by two other officers, who signed the Screening Report. Mr. Newlin instead asserts that the Screening Officer refused to record his requested evidence and witnesses and that no other officers were present at the screening. Dkt. 1 at 2.

The prison disciplinary hearing was held on June 7, 2017. According to the notes from the hearing, Mr. Newlin stated at the hearing that "I am not guilty of them." Dkt. 9-4; dkt. 1-1 at 6. Based on the staff reports, Mr. Newlin's statement, and the OIS printout, the hearing officer found Mr. Newlin guilty of being a habitual rule violator. The sanctions imposed included seventy-seven (77) days earned-credit-time deprivation and a credit class demotion.

Mr. Newlin appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Newlin lists three grounds on which he challenges his prison disciplinary conviction: (1) the screening officer refused to write down his requested witnesses and evidence; (2) inadequate notice of charges and insufficient evidence to support a guilty finding; and (3) inability to present a defense because of denial of evidence and witnesses.

1.     <u>Denial of Evidence</u>

Mr. Newlin argues he was denied his requested witnesses and evidence when the screening officer refused to write down his request, and thus he was unable to present a defense at his disciplinary hearing.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). Additionally, "[i]nmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie*, 344 F.3d at 678 (citing *Wolff*, 418 U.S. at 566). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Although there is a factual dispute as to whether Mr. Newlin refused screening, Mr. Newlin has not specifically identified any witnesses or evidence he would have requested during screening. Nor has Mr. Newlin explained how any of this evidence would have been exculpatory or material. To the extent he was actually denied the opportunity to request witnesses or evidence, it was harmless error, and harmless error analysis applies because he failed to identify how any evidence he would have presented would have been exculpatory. *See Jones*, 637 F.3d at 847; *Piggie*, 344 F.3d at 678. Thus, Mr. Newlin's claim regarding the denial of evidence must be rejected.

2. <u>Inadequate Notice of Charges</u>

Mr. Newlin next argues that he was provided inadequate notice of the charges because the Conduct Report misstated the rule for a Code B-200 violation and "the evidence did not list case numbers or dates of offenses only hearing dates and code violations/discriptions[sic]."

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Mr. Newlin was provided a Conduct Report six days before his hearing. The Conduct Report explained his violation (Code B-200 Habitual Rule Violator) and that he had been found guilty of "five related or unrelated class C conduct offenses in a period of six months or less according to OIS." He was also provided a copy of his OIS which listed seven findings of guilt in class C conduct offenses from five difference hearing dates over the course of three months between March and May 2017. Mr. Newlin has not alleged that he was not screened or present at any of the disciplinary hearings for these Class C offenses. Because the Conduct Report gave Mr. Newlin notice of his charges, his claim of inadequate notice must also be rejected.

3. <u>Sufficiency of the Evidence</u>

Mr. Newlin argues that "no evidence supported the finding of guilty" because "the evidence did not list case numbers or dates of offenses only hearing dates and code violations/discriptions[sic]."

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting

it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-200 is entitled "Habitual Conduct Rule Violator," and is defined as "[b]eing found or pleading guilty to five (5) unrelated Class C Conduct Offenses in a period of six (6) months or less." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. In this case, the Conduct Report and attached OIS provided "some" evidence that Mr. Newlin was a habitual conduct rule violator. The Conduct Report explained his violation (Code B-200 Habitual Rule Violator) and that he had been found guilty of "five related or unrelated class C conduct offenses in a period of six months or less according to OIS." The OIS reflected that Mr. Newlin had been found guilty of seven class C conduct offenses on five different hearing dates over the course of three months between March and May 2017. This is "some evidence" supporting the hearing officer's decision. Thus, Mr. Newlin's challenge to the sufficiency of the evidence must be rejected.

   D.   **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Newlin to the relief he seeks. Accordingly, Mr. Newlin's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue. The **clerk is directed** to update the docket to reflect the substitution of Warden for Superintendent as the Respondent in this action.

**IT IS SO ORDERED.**

Date: 2/20/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONALD NEWLIN
123539
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov